[No. B082142. Second Dist., Div. Two. Apr. 7, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
MIGUEL ANGEL GONZALEZ, Defendant and Appellant.

## COUNSEL

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey and Sanjay T. Kumar, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.\***—Appellant, Miguel Angel Gonzalez, was convicted by a jury of two counts of assault with intent to commit unlawful oral copulation (Pen. Code, §§ 220, 288a, subd. (c)) and one count of assault with a deadly weapon or by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)). The jury found that appellant used a deadly weapon in the commission of one assault with intent to commit unlawful oral copulation (Pen. Code, § 12022, subd. (b)). He appeals from the judgment.

---

\*Before Boren, P. J., Fukuto, J., and Brandlin, J.†

†Judge of the Municipal Court for the South Bay Judicial District sitting under assignment by the Chairperson of the Judicial Council.

Appellant contends that the trial court erred in instructing the jury with CALJIC No. 1.23.1 (1991 rev.) (5th ed. pocket pt.) regarding consent because the definition of consent in that instruction violates due process.

## FACTS

Viewed in the light most favorable to the judgment (*People* v. *Iniguez* (1994) 7 Cal.4th 847, 854 [30 Cal.Rptr.2d 258, 872 P.2d 1183]), the evidence established the following. In the early morning hours of October 25, 1992, appellant phoned Diane A. and invited her to go out to have breakfast with him. Diane agreed. At Diane's request, appellant took her to his house. While they were watching television in the living room, Diane asked whether they would go out to have breakfast. Appellant unzipped his pants, told Diane he wanted her to orally copulate him, and pulled her head toward his penis. Although Diane cried and tried to get away, appellant forced Diane to orally copulate him.

Later that morning, inside appellant's car appellant grabbed Diane's hair, pulled her head toward his lap, held an ice pick to the back of her head, and forced her to orally copulate him. Appellant told Diane he would kill her if she did not comply with his demands.

In defense, appellant testified that on two prior occasions Diane had orally copulated him for money. On the morning of October 25, 1992, Diane initiated the oral copulation in appellant's living room and in his car. He never threatened her or used force to compel her to orally copulate him. He never possessed an ice pick.

## DISCUSSION

The trial court instructed the jury with CALJIC Nos. 9.09 and 10.10 (5th ed. 1988 bound vol.), CALJIC No. 1.23.1 (1991 rev.) (5th ed. pocket pt.), and CALJIC No. 10.65 (1990 rev.) (5th ed. pocket pt.).[1] CALJIC No. 1.23.1 is based on Penal Code section 261.6 (*People* v. *Montero* (1986) 185

---

[1]The jury was instructed with CALJIC No. 9.09 as follows: "The defendant is accused in counts 1 and 3 of the information of having committed the crime of assault with intent to commit unlawful oral copulation, a violation of section 220 of the Penal Code. [¶] Every person who assaults another with the specific intent to commit unlawful oral copulation is guilty of the crime of assault to commit unlawful oral copulation, in violation of section 220 of the Penal Code. [¶] In order to prove such crime, each of the following elements must be proved: [¶] First, a person was assaulted; and [¶] Secondly, such assault was made with the specific intent to commit unlawful oral copulation. [¶] The crime of assault with the intent to

Cal.App.3d 415, 427, fn. 3 [229 Cal.Rptr. 750]), which in 1992 provided: "In prosecutions under Section 261, 286, 288a, or 289, in which consent is at issue, 'consent' shall be defined to mean positive cooperation in act or attitude pursuant to an exercise of free will. The person must act freely and voluntarily and have knowledge of the nature of the act or transaction involved. [¶] A current or previous dating relationship shall not be sufficient to constitute consent where consent is at issue in a prosecution under Section 261, 286, 288a, or 289. [¶] Nothing in this section shall affect the admissibility of evidence or the burden of proof on the issue of consent." (Stats. 1990, ch. 271, § 1.)

■ The contention that the trial court erred in instructing the jury with CALJIC No. 1.23.1 is unavailing. CALJIC No. 1.23.1 did not shift the burden of proof on consent to the defense or create a presumption of lack of consent. The instruction merely defined consent. Considered together, CALJIC Nos. 1.23.1, 9.09, and 10.10 clearly indicated the prosecution had the burden of proving lack of consent.

Although the prosecution theory was that both sexual assaults were forcible and the defense theory was that Diane initiated both acts of oral

commit unlawful oral copulation is complete if an assault is made and at any point during the assault the aggressor intends to commit unlawful oral copulation upon the person assaulted."

The jury was instructed with CALJIC No. 10.10 as follows: "Every person who engages in an act of oral copulation against the will of the victim by means of force, violence, duress, menace or fear of immediate and unlawful bodily injury on the victim or any other person, is guilty of the crime of unlawful oral copulation in violation of the Penal Code Section 288a(c). [¶] In order to prove such crime, each of the following elements must be proved: [¶] 1. A person engaged in an act of oral copulation with another person, and [¶] 2. The act was accomplished against the alleged victim's will by means of force, violence, duress, menace or fear of immediate and unlawful bodily injury on the alleged victim. [¶] Oral copulation is the act of copulating the mouth of one person with the sexual organ of another person. [¶] Any contact, however slight, between the mouth of one person and the sexual organ of another person constitutes 'oral copulation.' Penetration of the mouth [or] sexual organ is not required. Proof of ejaculation is not required. [¶] 'Against the will' means without the consent of the alleged victim."

The jury was instructed with CALJIC No. 1.23.1 as follows: "In prosecutions under Penal Code section 288a, the word 'consent' means positive cooperation in an act or attitude as an exercise of free will. The person must act freely and voluntarily and must have knowledge of the nature of the act or transaction involved. [¶] The fact, if established, that the defendant and Diane [A.] engaged in a current or previous dating relationship does not by itself constitute consent."

The jury was instructed with CALJIC No. 10.65 as follows: "In the crime of unlawful oral copulation by force and threats, criminal intent must exist at the time of the commission of the oral copulation. There is no criminal intent if the defendant had a reasonable and good-faith belief that the person voluntarily consented to engage in oral copulation. Therefore, a reasonable and good-faith belief that there was voluntary consent is a defense to such a charge. [¶] If, after a consideration of all of the evidence, you have a reasonable doubt that the defendant had criminal intent at the time of the oral copulation, you must find him not guilty of such crime."

copulation without any force or threat by appellant, Los Angeles County Sheriff's Deputy Jeff Walley stated Diane told him no force was used inside appellant's house. Appellant asserts passive consent is a defense and therefore CALJIC No. 1.23.1 offends deeply rooted principles of justice and violates due process. We find appellant's argument unpersuasive here inasmuch as the jury was instructed regarding the target offense that not only must the oral copulation be against the alleged victim's will to be unlawful but also that the act must be accomplished by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the alleged victim. (See *People* v. *Bermudez* (1984) 157 Cal.App.3d 619, 624 [203 Cal.Rptr. 728].) Instruction with CALJIC No. 1.23.1 did not violate due process.

### DISPOSITION

The judgment is affirmed.

Appellant's petition for review by the Supreme Court was denied July 12, 1995.